FIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY<br>as subrogee of MAJESTIC REALTY COMPANY<br>202B Halls Mill Road<br>Whitehouse Station, New Jersey 08889 | : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | : <br> : | |
| GMD ROOFING, INC.<br>3443 Dogwood Drive<br>Hapeville, Georgia 30354 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

Plaintiff, Federal Insurance Company, as subrogee of Majestic Realty Company, by and through its undersigned counsel, complaining of defendant, GMD Roofing, Inc, hereby avers, upon information and belief, as follows:

### PARTIES

1.      Plaintiff, Federal Insurance Company as subrogee of Majestic Realty Company (hereinafter "Federal"), is a corporation duly organized and existing under the laws of the State of Indiana with a principal place of business located at 202B Halls Mill Road, Whitehouse Station, New Jersey 08889, which at all relevant times was engaged in the insurance business and was licensed to issue insurance policies in the Commonwealth of Pennsylvania.

2.      Defendant, GMD Roofing, Inc. (hereinafter "GMD Roofing"), is a dissolved corporation which was organized under the laws of the State of Georgia with its principal place of business located at 3443 Dogwood Drive, Hapeville, Georgia 30354, which at all times relevant hereto was engaged in the business of installing commercial roofing systems.

## JURISDICTION AND VENUE

3.  Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue is proper in this district based on 28 U.S.C. § 1391(a) in that the event giving rise to this claim occurred within this district.

## GENERAL ALLEGATIONS

5.  Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

6.  At all times material hereto, Majestic Realty Co. (hereinafter "Majestic Realty") owned a commercial realty company, which owned and developed the property located at 3419 Commerce Center Boulevard, Building 3, Bethlehem, Pennsylvania 18015 (hereinafter "Subject Property").

7.  At all times material hereto, Federal insured Majestic Realty's business property and business operations at the subject premises, pursuant to policy no. 000000052082.

8.  Prior to January 16, 2017, Majestic Realty contracted with Commerce Construction Company, L.P. (hereinafter "Commerce Construction Company") for the construction of the Majestic Bethlehem Center – Building 3 at the Subject Property located at 3419 Commerce Center Boulevard, Building 3, Bethlehem, Pennsylvania.

9.  Prior to August 10, 2017, GMD Roofing was hired to do the EDPM roofing work at the Subject Property.

10. On August 10, 2017, GMD Roofing was in the process of installing the subject EDPM roofing system at the Subject Property.

11.     On, August 10, 2017, a fire originated in an area of the roof of the Subject Property where employees and or agents of GMD Roofing were working.

12.     As a result of the aforementioned fire, Majestic Realty sustained damage to its property in excess of Five Million Dollars ($5,000,000.00).

13.     Pursuant to the terms and conditions of the aforementioned policy of insurance, Federal has made payments to date to Majestic Realty for property damage in an amount in excess of Five Million Dollars ($5,000,000.00). Majestic Realty's claim remains open and Federal anticipates that it will be obligated to make additional payments to its insured for damages resulting from the fire.

14.     In accordance with the common law principles of equitable and/or legal subrogation and the terms of the policy, Federal is subrogated to the rights of Majestic Realty with respect to the payments it made and will make in compensation for the aforementioned property damage loss.

### COUNT I –NEGLIGENCE
### PLAINTIFF V. GMD ROOFING, INC.

15.     Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

16.     As the subcontractor for the roofing work at the Subject Property, defendant GMD Roofing owed plaintiff a duty to oversee the installation of the EDPM roofing system in a good, safe and workmanlike manner, and to make sure that the installation was free from hazardous defects that could cause fire spread.

17.     Defendant GMD Roofing violated applicable building codes and demonstrated a flagrant disregard for the most fundamental and basic roofing industry customs and practices.

18.     The fire referred to in Paragraph 13 and the resulting damages to Majestic Realty's property were caused by the negligence, gross negligence, carelessness and

recklessness of defendant, its agents, servants and/or employees acting within the course and scope of their employment in:

    a)    violating applicable building codes;

    b)    failing to adequately supervise and inspect the work performed:

    c)    failing to exercise reasonable care in the oversight of the installation of the subject EDPM roofing system, especially the application of the flammable bonding adhesive;

    d)    failing to employ agents, servants and/or employees with proper knowledge, training and experience to install the subject EDPM roofing system;

    e)    failing to properly train, oversee and supervise its employees, agents and subcontractors;

    f)    allowing it agents, servants and/or employees to improperly install the EDPM roofing system in a manner that created a clear risk of fire spread, especially the flammable bonding adhesive;

    g)    failing to properly insure that its agents, servants and/or employees installed the EDPM roofing system as outlined in the manufacturer's installation specifications and manufacturer's warnings;

    h)    failing to perform its work and services in a good and workmanlike manner and in accordance with all applicable Pennsylvania building and roofing codes and standards, and industry custom and practice;

    i)    failing to properly inspect the EDPM roofing system at the Subject Property to insure that it was installed properly in accordance with all applicable Pennsylvania building and roofing codes; and

    j)    otherwise failing to use due care under the circumstances.

19.    As a direct and proximate result of defendant GMD Roofing's negligence, gross negligence, carelessness, and recklessness, Majestic Realty sustained severe and extensive damages for which Federal has and will be responsible.

WHEREFORE, plaintiff, Federal Insurance Company, as subrogee of Majestic Realty Company demands judgment against defendant, GMD Roofing, Inc., in an amount of excess of Seventy-Five Thousand Dollars ($75,000), together with interest and costs and such other and further relief as this Court deems proper.

## COUNT II – RES IPSA LOQUITOR
## PLAINTIFF V. GMD ROOFING, INC.

20. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

21. At the time of the fire, the Subject Property was unoccupied by Majestic Realty and the roof area was under the exclusive control and supervision of defendant GMD Roofing.

22. The fire that damages Majestic Realty's Subject Property was an event which ordinarily does not occur in the absence of any negligence.

23. There is no evidence of any other responsible causes of the fire aside from the actions of defendant, GMD Roofing, which suggests any responsibility for the fire by any party other than the defendant.

24. Defendant, GMD Roofing's acts, omissions and failure to follow the appropriate standard of care are the types of negligence that were within the scope of GMD Roofing's duties to Majestic Realty with respect to its work at Majestic Realty's Subject Property.

WHEREFORE, plaintiff, Federal Insurance Company, as subrogee of Majestic Realty Company demands judgment against defendant, GMD Roofing, Inc., in an amount of excess of Seventy-Five Thousand Dollars ($75,000), together with interest and costs and such other and further relief as this Court deems proper.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES
## PLAINTIFF V. GMD ROOFING, INC.

25. Plaintiff incorporates by reference the preceding averments as though fully set forth herein at length.

26. By undertaking to install the EPDM roofing at the Subject Property, defendant GMD Roofing expressly and/or impliedly warranted that its work would be performed in a good, proper, safe and workmanlike manner.

27. GMD Roofing breached its express and/or implied warranty that all the roofing work that it did for the Subject Property would be done in a good and workmanlike manner in compliance with all applicable rules, regulations, codes, industry standards, statutes and/or ordinances.

28. The aforementioned fire and the resulting damages sustained by Majestic Realty were directly and proximately caused by GMD Roofing's breach of its express and implied warranties for the reasons set forth more fully in Paragraph 20 of this Complaint.

29. As a direct and proximate result of GMD Roofing's breaches of warranties, Majestic Realty suffered damages and destruction in an amount in excess of $75,000.

WHEREFORE, plaintiff, Federal Insurance Company, as subrogee of Majestic Realty Company demands judgment against defendant, GMD Roofing, Inc., in an amount of excess of Seventy-Five Thousand Dollars ($75,000), together with interest and costs and such other and further relief as this Court deems proper.

COZEN O'CONNOR

By: _____
MARK T. MULLEN, ESQUIRE
PA Bar ID 40166
mmullen@cozen.com
KEVIN J. HUGHES, ESQUIRE
PA Bar ID 50238
khughes@cozen.com
One Liberty Place
1650 Market Street
Suite 2800
Philadelphia, PA  19103
(215) 665-2000
(215) 665-2013 (Fax)
ATTORNEYS FOR PLAINTIFF